4413-003

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FIREMAN'S FUND INSURANCE CO. a/s/o
RISONA, INC.,

                       Index No. 08 CIV 6070

              Plaintiff,

    -against-                         ANSWER TO COMPLAINT

EXPLORE AIRTRANS SERVICES, LLC

              Defendants.
-----------------------------------------------------------X

Defendant, Explore Airtrans Services, LLC ("EAS"), by its attorneys DeOrchis & Partners, LLP, answering the Complaint of Plaintiff Fireman's Fund Insurance Co. a/s/o Risona, Inc., alleges upon information and belief as follows:

1. Admits each and every allegation contained in Paragraphs 1, 3, and 5 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 2, 4, 7, and 8 of the Complaint.

3. Denies each and every allegation contained in Paragraphs 9 and 10 of the Complaint.

4. Admits that on or about June 26, 2006 a shipment was consigned to EAS by plaintiff for Transport to Laredo, Texas pursuant to EAS bill of lading number 23165, as alleged in Paragraph 6 of the Complaint, but denies each and every remaining allegation contained in Paragraph 6.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5. The shipments described in the Amended Complaint were received, carried and delivered subject to the terms, conditions and exceptions of the Carmack Amendment to the

Interstate Commerce Act, 49 U.S.C. § 14706, and/or other legislation pertinent to this carriage. If any injury was suffered by Travelers or its subrogor, which is denied, it was due to a cause or causes for which EAS is not liable by virtue of said legislation pertinent to this carriage.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6.  Plaintiff's cause of action as described in paragraph "10" of the Complaint should be dismissed as it alleges state law claims which are not cognizable by this Court, as the aforementioned Carmack Amendment preempts all state law causes of action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

7.  The shipments described in the Complaint were booked, received, loaded, carried, discharged and delivered subject to the terms, conditions and exceptions of certain terms and conditions, bills of lading, tariffs, and/or contracts of affreightment issued for carriage of the shipment, and by which the shipper, consignee and holders of said bills of lading and/or contracts of affreightment agreed to be and are bound. Any injury suffered by Plaintiff or its subrogor, which is denied, was due to a cause or causes for which Explorer is not liable by virtue of said bills of lading, tariffs, and/or contracts of affreightment.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

8.  Plaintiff and/or its subrogor failed to give timely notice of this claim as required by the aforementioned bills of lading, tariffs, contracts of affreightment or governing legislation.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

9.  If Plaintiff and/or its subrogor suffered the injury referred to in the Amended Complaint, which is denied, such injury was caused, or contributed to, by Plaintiff and/or its subrogor and/or other third parties and not by EAS.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

10. Any liability of EAS, which is denied, is limited in amount by the terms and provisions of the aforementioned bills of lading, tariffs, contracts of affreightment or governing legislation.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

11. Venue of this action in this court is improper.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

12. There is no privity of contract between Plaintiff and/or its subrogor and EAS.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

13. Plaintiff and/or its subrogor have failed to mitigate their damages, if any.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

14. Any loss and/or damage and/or nondelivery to the shipments as alleged in the Amended Complaint, which is expressly denied, occurred either before the said shipments were loaded or after the shipments were placed in the control of EAS and/or its agent(s) and/or other persons or entities for whom EAS are neither responsible nor liable. Consequently, any such loss and/or damage, which is expressly denied, was the result of pre- or post-shipment conditions or occurrences for which EAS was neither responsible nor liable.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

15. Any loss and/or damage and/or nondelivery to the shipments as alleged in the Complaint, which is denied, was caused in whole or in part by Plaintiff's and/or its subrogor's failure to provide adequate packing and/or instructions concerning the care of the shipment.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

16.  The Amended Complaint should be dismissed as the claims filed by Plaintiff and/or its subrogor fail to satisfy the requirements of 49 C.F.R. § 1005.2.

WHEREFORE, Defendant, Explore Airtrans Services, LLC, demands judgment dismissing the Complaint, costs, disbursements and reasonable attorney's fees, together with such other, further relief as the Court may deem just and proper.

Dated: July 21, 2008
New York, New York

                                              DEORCHIS & PARTNERS, LLP
                                              Attorneys for Defendant
                                              Explore Airtrans Services, LLC

                                              By: _____
                                                  Richard L. Furman
                                              61 Broadway, Suite 2600
                                              New York, New York 10006
                                              (212) 344-4700
                                              Our File:  4413-003

TO:   Christopher M. Schierloh
       Casey & Barnett, LLC
       Attorneys for Plaintiff
       317 Madison Avenue, 21st Floor
       New York, NY 10017
       212-286-0225

W:\4413-003\legals\answer to complaint 072108.rlf.doc